RECEIVED
IN LAKE CHARLES, LA

FEB 21 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | : | DOCKET NO. 2:04 CV 1654 |
| VS. | : | JUDGE MINALDI |
| THE ESTATE OF OLEKSIY M. VELIGROV, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment filed by Metropolitan Insurance Company ("Metropolitan") [doc. 83]. This motion is unopposed.[1]

Facts[2]

On September 20, 2003, a motor vehicle accident occurred near Welsh, Louisiana. A 1977 Jeep Cherokee owned by Kelly Ann Fruge ("Fruge") and operated by Christopher Stahl ("Stahl") crossed the median from the westbound lanes of I-10 and struck a 2002 Ford van operated by Oleksiy Viligurov Mykolayovych. Will Bowles, Kwan Jung Lee, Jonathan Bonini, Soloman Poban

---

[1] Intervenors Nam Hi Hwang [doc. 86], Jonathan Bonini, Nataliya Veligurova and Mykola Veligurova [doc. 87] wrote letters to the court advising that they had no opposition. Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Hospital "LCMH" filed a response to the Motion for Summary Judgment stating that LCMH does not contest the allegations made by Metrolpolitan, nor does LCMH oppose the relief sought. There has been no response from any other defendant.

[2] See Statement on Uncontested Facts by Metropolitan attached to the Motion for Summary Judgment. Any facts set forth on a motion for summary judgment are deemed admitted unless controverted by the opposing party's own statement of facts. Fed.R. Civ. P. 8(d); *Calmaquip Engineering West Hemisphere Corp. v. West Coast Carriers Ltd.* 650 F.2d 633, 636 (C.A.Fla., 1981).

and Namhi Hwang was were passengers in Mykolayovych's vehicle. This accident resulted in fatalities and bodily injuries. Medical, rehabilitative and funeral expenses were incurred.

This is an action for interpleader under 28 U.S.C. §1335 and for declaratory relief in relation to an automobile insurance policy which was issued to Kelly Ann Fruge. This policy insured a 1997 Jeep Cherokee, VIN 1J4FT78S7VL522527, the vehicle operated by Christopher Lee Stahl and involved in the motor vehicle accident on September 20, 2003.

Metropolitan's automobile liability policy number 4672593120 contains bodily injury (BI) limits of $10,000 per person/$20,000 per occurrence, $10,000 for property damage per occurrence and $1,000 for medical expenses per person, subject to the terms, conditions, limitations and exclusions with the policy.

Several parties are claiming the $20,000 bodily injury limits. These include, but are not limited to: The Estate of Oleksiy M. Veligurov, Hun S. Lee, Trustee of the Estate of Kwan Jung Lee, Jonathan Bonini, Namhi Hwang, Will Bowles, Soloman Poban, Acadian Ambulance, Eagle Insurance Company, Jefferson Davis Emergency Group, Lake Charles Memorial Hospital, Lafayette General Hospital, St. Patrick Hospital, Jennings American Legion Hospital, Medical Center of Louisiana at New Orleans, Medical Center of Louisiana at Lafayette and AIU Insurance Company.

Metropolitan deposited the $20,000 bodily injury limits into the registry of the Court on August 5, 2004, with leave of court.

Metropolitan is moving for summary judgment and, in particular, for the following relief:

1) Entry of an Order restraining and enjoining any defendant in this matter from instituting or continuing any action against Metropolitan for the recovery of the proceeds of the subject automobile liability policy;

2) Entry of an Order exonerating and discharging Metropolitan from any further

obligation under its automobile liability insurance policy, including any further indemnity or defense obligation under the policy;

3) Dismissal of Metropolitan from the following matters pending in this court:

   a) Intervention and Complaint for Damages filed by Nam Hi Hwang in Metropolitan General Insurance Company v. the Estate of Oleksty M. Veligurov, et al., No. CV04-1654-LC;

   b) Counterclaim of AIU Insurance Company against Metropolitan General Insurance Company in Metropolitan General Insurance Company v. the Estate of Oleksty M. Veligurov, et al., No. CV04-1654-LC.

4) Metropolitan also seeks recovery of $150.00 court costs expended in this matter.

Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact. [3] *Celotex*, 477 U.S. at

---

[3] FN1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins.*

323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

## Law and Analysis

Metropolitan has attached to the Motion for Summary Judgment, as Exhibit 1, the subject insurance policy. This policy states coverage limits of $20,000 per occurrence for bodily injury, $10,000 for property damage per occurrence and $1,000 for medical expenses per person.[4]

28 U.S.C. §1335 states:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property

---

Co., 973 F.2d 432, 435 (5th Cir.1992).

[4] Exhibit 1 to Motion for Summary Judgment, p. 2, Declarations.

4

of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if

(1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

28 U.S.C.A. § 1335 (June 25, 1948, c. 646, 62 Stat. 931; Feb. 18, 2005, Pub.L. 109-2, § 4(b)(1), 119 Stat.

This is an automobile policy with bodily injury limits of $20,000. That $20,000 has been deposited into the registry of the court. Metropolitan has not deposited the $10,000 property damage coverage into the registry of the court, nor has it addressed the issue of property damage[5] or medical expense coverage in its motion.

Metropolitan has requested the entry of a permanent injunction to restrain and enjoin the institution or prosecution of an action against Metropolitan in any court of law. In *State Farm Fire & Casualty Company v. Tashire*, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270, a statutory

---

[5] In the Complaint for Interpleader ¶18, Metropolitan states that "Metropolitan further moves to deposit and relinquish all rights to its BI policy limits in the sum of $20,000 and its per person PD limit of $10,000, subject to its reservation to deposit all of a portion of the remaining $10,000 PD limit, predicated upon the presentation of claims over and above the known and liquidated claim amount of Jimcore Agency/Jimcore Agencies, Inc.."

interpleader action under 28 U.S.C. § 1335, the Supreme Court found that, when interpleader is sought against persons with unliquidated tort claims against the insured, the claimants may be enjoined from asserting their rights to the proceeds of the insurance policy except within the interpleader action, but they cannot be enjoined from establishing their claims against the insured in a forum of their choosing. In *Tashire,* the scope of the litigation, in terms of parties and claims, was vastly more extensive than the confines of the fund. The Supreme Court held that, under such circumstances, "the mere existence of a fund cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund." *Tashire, id.* In remanding the *Tashire* case to the district court, the Supreme Court found that the interpleader's interest in the fund "receives full vindication when the court restrains claimants from seeking to enforce against the insurance company and judgment obtained against its insured, except in the interpleader action itself. To the extent that the District Court sought to control the claimants' lawsuits against the insured and other alleged tortfeasors, it exceeded the powers granted to it by the statutory scheme."[6] Accordingly, this court will not order the entry of a permanent injunction to restrain and enjoin the institution or prosecution of an action against Metropolitan in any court of law.

Metropolitan has also requested that because they deposited $20,000 that it be relieved of any

---

[6] The *Tashire* court explained its holding further by stating that "[a]n insurance company whose maximum interest in the case cannot exceed $20,000 and who in fact asserts that it has no interest at all, should not be allowed to determine that dozens of tort plaintiffs must be compelled to press their claims - even those claims which are not against the insured and which in no event could be satisfied out of the meager insurance fund - in a single forum of the insurance company's choosing." *Ibid; See also Travelers Indemnity Company v. Greyhound Lines, Inc.,* 377 F.2d 325 (5th Cir. 1967), *cert den.* 389 U.S. 832, 88 S.Ct. 101, 19 L.Ed.2d 91 (U.S. La. Oct. 09, 1967).

further duty to defend its insured[7] and that the court costs paid be refunded. The policy states:

> We will pay damages for bodily injury and property damage to others for which the law holds an insured responsible because of an accident which results from the ownership, maintenance or use of a covered automobile, a non-covered automobile or a trailer while being used with a covered automobile or non-owned automobile. ***We will defend the insured, at our expense with the attorneys of our choice, against any suit or claim seeking these damages.*** We may investigate, negotiate or settle any such claim or suit (emphasis added).[8]

A fair reading of this policy is that Metropolitan has agreed to pay for damages for which the insured is legally responsible and to continue to provide a defense "against any suit or claim seeking these damages." In *Emcasco Insurance Company v. Davis,* 753 F.Supp. 1458 (W.D. Ark. 1990), the insurer deposited its policy limits into the registry of the court and asked that it be released from its duty to defend the insured. The court found that by inclusion of language similar to that in Metropolitan's policy, "[t]he insurance carrier and the insureds did not agree that the insurance carrier could rid itself of the liabilities assumed by it and contracted for by the insureds by the carrier filing a lawsuit in federal court and dumping the policy limits into the registry of that court, thus abandoning the insureds." *Emcasco* at 1460. The *Emcasco* court further stated that

> "the court holds that Emcasco may not shed itself of the duties which it contracted to provide by paying policy limits into the registry of the court. In so doing, it has not 'exhausted' its limits by the payment of claims for which the insureds are 'legally responsible because of an auto accident' as required by the terms of the very policy issued and written by the carrier. The limits aren't 'exhausted.' They are lying over in the clerk's office, right where the insurance company put them."

*Emcasco,* 753 F. Supp. at 1460.

---

[7] The insured, Kelly Fruge, is not a party to this suit. There is no indication that she has received notice of this request.

[8] Exhibit 1, page 3, Coverage Provided.

7

The policy further states:

> In addition to the limits of liability, we will pay the following expenses incurred in connection with any claim or suit to which the policy applies:
>
> 2. Court costs levied against the insured.[9]

Although 28 U.S.C. §1335 does not contain an express reference to costs, it is well settled that a district court has the authority to award costs in interpleader actions. *James P. Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 468 (5th Cir.) *cert. denied*, 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971); *Moore's Federal Practice, supra*, § 22.16[2]; *Corrigan Dispatch Co. v. Casa Guzman, S.A.* 696 F.2d 359 (1983), 364 -365 (C.A.Tex.,1983). The decision to award such costs is generally an equitable matter entrusted to the sound discretion of the trial court. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (C.A.Tex. 1976). The $150 in court costs that Metropolitan seeks to recover is a cost of doing business. The court will not allow recovery of court costs.

Metropolitan has not shown an absence of material factual issues only with respect to the subject policy. Although the opposing parties have not responded, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial, this court is not persuaded that no material issues of fact exist with regard to property damage coverage, medical expense coverage or its duty to defend. Accordingly, Metropolitan's Motion for Summary Judgment will be denied. The specific relief requested in Metropolitan's Motion for Summary Judgment will not be

---

[9] Exhibit 1, page 3, Additional Benefits

granted.

Lake Charles, Louisiana, this 21 day of February, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE